**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

F. ANTHONY EDWARDS,                                    No. C 06-05331 WHA

      Plaintiff,

  v.                                                    **ORDER GRANTING MOTION
                                                        TO DISMISS PETITION TO
INTERNAL REVENUE SERVICE                                QUASH, GRANTING MOTION
and DOES 1 through 50, Inclusive,                       TO ENFORCE SUMMONS, AND
                                                        VACATING HEARING**

      Defendant.

_____/

On October 25, 2006, defendant IRS filed a motion to dismiss plaintiff F. Anthony

Edwards' petition to quash summons, and a motion to enforce summons.  The summons was

served on Edwards on July 27, 2006.  Edwards' petition to quash was originally filed in state

court and was timely removed to this Court.  Because the IRS' process in serving the summons

was proper and Edwards failed to sustain his claim of attorney-client privilege, this order

**GRANTS** defendant's motion to dismiss the petition to quash and **GRANTS** defendant's motion

to enforce summons.

**STATEMENT**

The IRS is currently conducting an investigation into plaintiff Edwards' federal income

tax liability for the years 2000 and 2001 (Gustafson Decl. ¶ 2).  A summons was issued to West

America Bank on July 26, 2006, to produce the books, papers, and other data described in the

summons (Gustafson Decl. ¶ 3).  Notice of the summons was mailed to Edwards and West

1    America Bank was served with an attested copy of the summons (Gustafson Decl. ¶¶ 4–5).  Per

2    Edwards' instructions, West America Bank did not produce the requested books, papers, and

3    records by the date set for compliance, August 25, 2006 (Gustafson Decl. ¶ 6).

4          Edwards filed a petition to quash the summons in California Superior Court on August

5    24, 2006.  Edwards argued that the summons was unlawful because compliance would require

6    turning over information related to his Client Trust Account.  Turning over such information

7    would violate attorney-client privilege.  The petition was removed to this Court on August 30,

8    2006.  The IRS later filed this motion to dismiss Edwards' petition to quash the summons and

9    motion to enforce the summons.

10                                    **ANALYSIS**

11         The IRS urges that its motion to dismiss and motion to enforce should be granted

12   because the issuance of the summons was proper.  They further argue that Edwards' motion to

13   quash was not timely filed, and that the attorney-client privilege does not apply to Edwards'

14   petition.  The IRS also argues that plaintiff has improperly named the IRS and Does 1–50 and

15   defendants in this action.

16         **1.      THE ISSUANCE OF THE SUMMONS WAS PROPER.**

17         Pursuant to 26 U.S.C. 7601 and 7602, the IRS has the authority to issue summonses to

18   (1) ascertain the correctness of any return, (2) make a return where none has been made, (3)

19   determine the liability of any person for any internal revenue tax, or (4) inquire into any offense

20   connection with the administration or enforcement of the internal revenue laws.  To obtain

21   enforcement of a summons, the IRS must establish good faith requirements.  *United States v.*

22   *Powell*, 379 U.S. 48, 57–58 (1964).  *Powell* requires the IRS to show (1) that the investigation

23   will be conducted pursuant to a legitimate purpose; (2) that the inquiry will be relevant to that

24   purpose; (3) that the information sought is not already in the Commissioner's possession; and

25   (4) that administrative steps required by the code have been followed.  The burden under the

26   good faith requirements is met by a declaration from the investigation agent.  *Lidas v. United*

27   *States*, 238 F.3d 1076, 1082 (9th Cir. 2001).

28

**United States District Court**
For the Northern District of California

2

1    Here, the IRS offers the declaration of revenue agent Sarah Gustafson to fulfill the

2    *Powell* requirements.  She states that she is conducting an investigation to determine Edwards'

3    tax liability for the years 2000 and 2001.  The information the summons seeks, Edwards'

4    account data from West America Bank, will be relevant to the investigation.  Gustafson further

5    states that the IRS does not already have the information sought by the summons in its

6    possession.  Finally, the necessary administrative procedures require that the IRS send Edwards

7    the summons through the mail, which the IRS did on July 27, 2006.  Thus, the IRS has fulfilled

8    the good faith requirements under *Powell*  to have proper authority to issue the summons.

9        **2.    EDWARDS' MOTION TO QUASH WAS NOT TIMELY FILED.**

10    The IRS next argues that Edwards' motion to quash the summons was not timely filed.

11    Edwards does not dispute this argument.  Under 26 U.S.C. 7609(b)(2)(A), a person identified in

12    a summons has 20 days from the date the notice of summons is mailed to begin proceedings for

13    a motion to quash.  The date of receipt of the summons is irrelevant.  The 20-day limit is

14    jurisdictional, and if the motion to quash is not timely filed, the district court will have no

15    jurisdiction over it.  *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985).

16    The notice of summons was mailed to Edwards on July 27, 2006.  He filed his petition

17    to quash the summons in Superior Court on August 24, 2006, eight days after the 20-day period

18    had tolled.  Because petitioner failed to file his petition to quash during the statutory period,

19    defendant's motion to dismiss should be dismissed.

20        **3.    APPLICATION OF THE ATTORNEY-CLIENT PRIVILEGE.**

21    In his motion to quash, Edwards asserts that attorney-client privilege applies to the

22    information sought by the summons because it involves his law practice bank records.  The

23    elements of the attorney-client privilege are:

24        (1) Where legal advice of any kind is sought (2) from a professional legal adviser
         in his capacity as such, (3) the communications relating to that purpose, (4) made
25        in confidence (5) by the client, (6) are at his instance permanently protected (7)
         from disclosure by himself or by the legal adviser, (8) unless the protection be
26        waived.

27    *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977).  To claim attorney-client privilege, "a party

28    claiming the privilege must identify specific communications and the grounds supporting the

3

United States District Court

For the Northern District of California

1    privilege as to each piece of evidence over which the privilege is asserted." *United States v.*

2    *Martin*, 278 F.3d 988, 1000 (9th Cir. 2002).

3          Here, Edwards effectively claims that *all* the information sought by the government is

4    protected by attorney-client privilege.  He has not asserted that any of the information contained

5    in the accounts was given to him in confidence by a client.  He has not identified any specific

6    communications to which the privilege applies.  In short, he has presented no evidence

7    supporting his assertion of privilege.  Accordingly, Edwards has failed to assert attorney client

8    privilege and must comply with the summons.

9          In his petition to quash summons and his briefs in the instant action, Edwards cites a

10   number of decisions.  None helps plaintiff.  First, *Tedder and Associates v. United States*, 77

11   F.3d 1166, 1170 (9th Cir. 1996), holds that the attorney-client privilege applies to clients'

12   names, where such names have not been disclosed to third parties, and not to the entirety of

13   records.  Similarly, in *United States v. Blackman*,72 F.3d 1418, 1424 (9th Cir. 1995), *cert.*

14   *denied*, 475 U.S. 1119 (1986), the Court held that the attorney-client privilege does not protect

15   fee arrangements with clients, unless those clients are under investigation.  Edwards has made

16   no such assertion with respect to any of the information.  *United States v. Bauer*, 132 F.3d 504,

17   509–510 (9th Cir. 1997), applies the privilege to advice the attorney has given to the client.

18   Edwards fails to show how his clients' bank records constitute advice.  Finally, Edwards cites

19   *Geilim v. Superior Court*, 235 Cal. Rptr. 602, 606 (Cal. App. 2 Dist. 1991), which deals with

20   court review of sealed documents in camera.  None of Edwards' cited authorities supports his

21   overbroad, non-specific claim of attorney-client privilege.

22          **4.     PROPER PARTY DEFENDANTS.**

23          Defendant finally argues that Edwards has incorrectly named the IRS and Does 1–5 as

24   defendants, and that the proper defendant should be the United States.  Though most actions to

25   quash IRS subpoenas or summonses name the United States as defendant, the Ninth Circuit has

26   not squarely addressed this question.  Because defendants' action to dismiss the petition to

27   quash succeeds on the merits, this question is not addressed here.

28

4

**CONCLUSION**

For the foregoing reasons, defendant IRS's motion to dismiss the petition to quash the summons and motion to enforce the summons are **GRANTED**. Plaintiff shall be ordered to comply with the summons. Finding no further argument to be necessary, the hearing in this matter is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated:  December 4, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5